**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIZABETH MCNULTY,<br>Plaintiff, | : | CIVIL ACTION |
| | : | |
| | : | |
| vs. | : | NO.    25-cv-315 |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**MEMORANDUM AND OPINION**

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                              **February 17, 2026**

Plaintiff Elizabeth McNulty, through counsel, Pong Chulira, Esquire, brought this action seeking review of the Commissioner of the Social Security Administration's decision denying her claim for Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  This matter is before me for disposition upon consent of the parties.[1]  For the reasons that follow, Plaintiff's complaint will be DISMISSED without prejudice.

On January 18, 2025, Plaintiff filed a Complaint with this Court appealing the Commissioner's final decision denying her application for SSDI and SSI benefits.  (Compl., ECF No. 1).  The Court granted Plaintiff's application to proceed in forma pauperis on March 13, 2025.  (Order, ECF No. 7).  On that date, the Court also docketed its Standing Procedural Order for Cases Seeking Social Security Review, in which Plaintiff was provided 45 days therefrom to file and serve her brief.  (Order, ECF No. 8).  Two months later the Commissioner filed a copy

---

[1]  In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment.  (Consent, ECF No. 6).

of the Administrative Record, (Admin. Rec., ECF No. 9), but Plaintiff did not file her brief. After it remained unfiled, chambers staff repeatedly attempted to reach Mr. Chulira via his phone number and email address of record, as well as contact information supplied by an attorney whom he was sponsoring for *pro hac vice* admission to this Court, but received no response. Accordingly, on December 8, 2025, the Court ordered Plaintiff to show cause within 30 days why the case should not be dismissed for lack of prosecution based on the failure to comply with the earlier procedural order. (Order, ECF No. 11). Nonetheless, to date, Plaintiff has not filed a brief or otherwise responded to the Court's December 8, 2025 Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This Rule has been interpreted to permit a district court to dismiss an action *sua sponte*. *See Shields v. Comm'r of Soc. Sec.,* 474 Fed Appx. 857, 858 (3d Cir. 2012). ("Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a plaintiff fails to prosecute his case."). Dismissal for failure to prosecute may be appropriately invoked only after analyzing six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis v. State Farm Cas. Co*., 747 F.2d 863, 868 (3d Cir. 1984). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Shields*, 474 Fed. Appx. at 858. "There is no 'magic formula' or 'mechanical calculation' for balancing the *Poulis* factors, and a District Court need not find all the factors satisfied in order to dismiss a

complaint." *Qadr v. Overmyer,* 642 F. App'x 100, 102-03 (3d Cir. 2016) (citing *Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008)).

Most of the *Poulis* factors weigh in favor of dismissing this case. Although it is unclear whether Plaintiff or Mr. Chulira is primarily responsible for the failure to prosecute this case, the second and third *Poulis* factors, prejudice to the adversary caused by Plaintiff's conduct and a history of dilatoriness, weigh in favor of dismissal of this action. Plaintiff's failure to file a supporting brief has caused prejudice to the Commissioner, who has been unable to move the case any closer to completion. *See Srebro v Comm'r of Soc. Sec.,* No. 3:17-CV-2298, 2019 WL 1988660 (M.D. Pa. May 6, 2019). Further, Plaintiff's lack of substantive action in the year since this case was filed demonstrates a history of dilatoriness. *Id.*

The fourth *Poulis* factor, whether the conduct of the party was willful or in bad faith, also cuts against Plaintiff. While there is no specific indication of bad faith, the failure to file the brief appears willful insofar as repeated attempts by this Court to move this case along, including issuance of a show-cause order, went unheeded. *See Borwegan v. Comm'r of Soc. Sec.,* No. 1:15-CV-953, 2016 WL 3708080 (M.D. Pa. Jan. 11, 2016), *report and recommendation approved* 2016 WL 3683382 (M.D. Pa. Jul. 12, 2016). Therefore, the court is compelled to conclude that the failure to file the brief was not accidental but instead reflects an intentional disregard for the Court's directives. *Id.*

The fifth *Poulis* factor, the availability of lesser sanctions, further indicates that dismissal is the appropriate course in this matter. As our neighboring district court has explained:

> [I]t is unlikely that imposing any monetary or other sanctions on counsel would be effective when counsel has failed to respond to the Orders to show cause and argue that this case should not be dismissed. If counsel is unwilling to respond to an order notifying him that this case will be dismissed without further action, it is doubtful that any other sanctions would elicit a response.

*Marquez v. Kijakazi*, No. 3:22-CV-00522, 2023 WL 2975160, at *3 (M.D. Pa. Apr. 17, 2023) (citing *Mossie v. Soc. Sec. Admin.*, No. CV 20-4951, 2022 WL 612667, at *2 (E.D. Pa. Mar. 1, 2022); *Arvelo v. Saul*, No. 20-CV-00213-RAL, 2021 WL 1174559, at *2 (E.D. Pa. Mar. 29, 2021)).  Moreover, the Court notes that the impact of the dismissal is potentially mitigated by its without-prejudice nature.  *See id.*

The final *Poulis* factor, meritoriousness of the claims, is impossible to evaluate because Plaintiff never filed a brief.  *Id.*  Therefore, because the Court does not have sufficient grounds to evaluate the meritoriousness of her claims, this factor cannot work in her favor to avoid dismissal and is, at best, neutral.  *Id.* (citing *Srebo*, 2019 WL 1988660, at *2).

It is well-settled that no single *Poulis* factor is dispositive, and not all the *Poulis* factors need to be satisfied in order to dismiss a complaint.  *See Briscoe*, 538 F.3d at 263.  Here, the prejudice to the commissioner, Plaintiff's history of dilatoriness, her willful course of conduct, and the unavailability of alternative sanctions weigh in favor of dismissal.  For these reasons, I find that, on balance, the *Poulis* factors weigh in favor of DISMISSING this case without prejudice.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

4